IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02821-PAB-MEH

DAVID L. HILDEBRAND,

    Plaintiff,

v.

WILMAR CORPORATION,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Defendant Wilmar Corporation seeks to dismiss this patent infringement case pursuant to Federal Rule of Civil Procedure 12(b)(3). Although Wilmar requests oral argument, I find that further argument would not assist in the adjudication of this motion.

I recommend granting Wilmar's Motion to Dismiss. I first find that, under 28 U.S.C. § 1400(b), venue is not proper in the United States District Court for the District of Colorado. Additionally, I recommend dismissing this case without prejudice, because Plaintiff David L. Hildebrand has not shown that the interests of justice favor transferring the case to a different district. Accordingly, I decline to reach Wilmar's argument that dismissal with prejudice is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **BACKGROUND**

**I.    Facts**

The following are factual allegations Mr. Hildebrand makes in his Complaint.

Between 2007 and 2009 Mr. Hildebrand learned that Wilmar was importing and distributing

goods that duplicated his patented product. Compl. 2, ECF No. 1. As a result, in February 2009 Mr. Hildebrand filed a complaint in this District for patent infringement against Wilmar and several other infringing corporations. *Id.* Wilmar and Mr. Hildebrand ultimately settled that case. *Id.* at 3. Pursuant to the settlement agreement, Wilmar paid Mr. Hildebrand a fixed amount to compensate him for Wilmar's past and current sales of the allegedly infringing product. *Id.* at 3–4; Settlement Agreement 1–2, ECF No. 8-1. Additionally, Wilmar agreed to pay Mr. Hildebrand a royalty for any future sales of products covered by Mr. Hildebrand's patent. Settlement Agreement 2. According to Mr. Hildebrand, Wilmar has manufactured, sold, and used products that infringe his patent without paying the required royalty. Compl. 4.

## II. Procedural History

Based on the above allegations, Mr. Hildebrand filed his Complaint on November 22, 2017. Compl., ECF No. 1. Mr. Hildebrand asserts two claims for relief: (1) infringement of his patent in violation of 35 U.S.C. § 271(a), and (2) an accounting of all income Wilmar realized as a result of its infringing acts. *Id.* at 4–6.

On December 21, 2017, Wilmar responded to the Complaint by filing the present Motion to Dismiss and Alternative Motion to Transfer, ECF No. 7. Wilmar contends the Court should dismiss this case, because venue is improper in the District of Colorado pursuant to 28 U.S.C. § 1400(b). *Id.* at 4–8. Specifically, Wilmar asserts it neither resides nor has a regular and established place of business in Colorado. *Id.* at 6. Wilmar further argues the interests of justice do not favor transferring this case. *Id.* at 8. Alternatively, Wilmar asserts that Mr. Hildebrand fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.* at 8–13.

In response, Mr. Hildebrand first argues the District of Colorado is a proper venue. Resp.

to Mot. to Dismiss 12, ECF No. 21. According to Mr. Hildebrand, the stores through which Wilmar sells its goods (including in Colorado) constitute established places of business of Wilmar. *Id.* Furthermore, Mr. Hildebrand contends that he states a patent infringement claim. *Id.* at 13–14. Wilmar subsequently filed a Reply in Support of its Motion, ECF No. 28.

**LEGAL STANDARDS**

**I.      Dismissal under Fed. R. Civ. P. 12(b)(3)**

"The standard under 12(b)(3) is generally the same as a motion to dismiss for lack of personal jurisdiction." *H & H Transformer, Inc. v. Battelle Energy All., LLC*, No. 09-cv-00442-WYD-BNB, 2009 WL 3530370, at *3 (D. Colo. Oct. 23, 2009). Thus, the plaintiff bears the burden of making a prima facie showing that venue is proper. *Behegen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984); *Nagim v. Jackson*, No. 10-cv-00328-PAB-KLM, 2010 WL 4318896, at *2 (D. Colo. Aug. 10, 2010). In evaluating the sufficiency of the plaintiff's showing, courts must accept the plaintiff's allegations as true. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

28 U.S.C. § 1400(b) governs venue determinations in patent infringement cases. *See TC Heartland, LLC v. Kraft Foods Grp. Brands, LLC*, 137 S. Ct. 1514, 1519 (2017) ("§1400(b) 'is the sole and exclusive provision controlling venue in patent infringement actions, and . . . is not to be supplemented by . . . § 1391(c).'" (quoting *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957), *superseded by statute on other grounds*)). Section 1400(b) provides that venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

## II.  Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's pleadings "liberally" and hold the pleadings "to a less stringent standard than formal pleadings filed by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Id.* (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit has interpreted this rule to mean:

> [I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

## **ANALYSIS**

I recommend dismissing Mr. Hildebrand's Complaint without prejudice, because the District of Colorado is not a proper venue for this case. I first address whether Mr. Hildebrand meets his burden under § 1400(b) to demonstrate that this case should be litigated in this District. Then, I analyze whether to transfer or dismiss the case. Federal Circuit precedent applies to whether venue is proper under § 1400(b), while Tenth Circuit law governs whether to dismiss or transfer this case under 28 U.S.C. § 1406(a). *See In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) ("Federal Circuit law, rather than regional circuit law, governs our analysis of what § 1400(b) requires."); *In*

*re Barnes & Noble, Inc.*, 743 F.3d 1381, 1383 (Fed. Cir. 2014) ("In reviewing a district court's ruling on a motion to transfer[,] . . . we apply the law of the regional circuit.").

    A.    <u>Venue in the District of Colorado is Improper.</u>

Establishing venue in patent infringement cases entails the following three requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray*, 871 F.3d at 1360. The first element requires "a physical, geographical location in the district from which the business of the defendant is carried out." *Id.* at 1362. To meet the second requirement, the business must operate in a permanent and steady manner. *Id.* at 1362–63. The final element requires that "the defendant [] establish or ratify the place of business." *Id.* at 1363. Considerations relevant to this inquiry "include whether the defendant owns or leases the place, [] exercises other attributes of possession or control over the place, . . . [or] stor[es] [] materials at a place in the district so that they can be distributed or sold from that place." *Id.* Additionally, courts should consider whether the defendant holds itself out as having a place of business in the district through advertisements, "list[ing] the alleged place of business on a website[,] . . . or plac[ing] its name on a sign associated with or on the building itself." *Id.* at 1363–64.

Here, Mr. Hildebrand has not carried his burden of demonstrating these three requirements.[1] Mr. Hildebrand does not directly refute the declaration of Wilmar's Chief Financial Officer, which states that Wilmar has no offices or physical location in Colorado. Decl. of Mark Steffen ¶ 5, ECF

---

[1] Additionally, Mr. Hildebrand does not contend Wilmar resides in Colorado. For purposes of § 1400(b), a company resides only in its state of incorporation, *TC Heartland, LLC v. Kraft Foods Grp. Brands, LLC*, 137 S. Ct. 1514, 1521 (2017). "Wilmar is incorporated in the state of Washington." Decl. of Mark Steffen ¶ 3, ECF No. 8.

No. 8. Instead, Mr. Hildebrand asserts Wilmar's distributors' stores constitute regular and established places of business of Wilmar. Resp. to Mot. to Dismiss 12–13, ECF No. 21. This is so, according to Mr. Hildebrand, because Wilmar has "a whole section of its own at each and every location." *Id.* at 13.

I disagree. Even assuming the distributors' stores constitute regular and established physical places of business in Colorado, they are not places "of the defendant." Mr. Hildebrand does not contend Wilmar established the locations, owns or leases the buildings, or exercises any level of control over the management of the stores. To the contrary, Mr. Hildebrand admits the distributors own these stores. *See id.* at 12 ("O'Reilly[] and Advanced Auto Parts have several hundred locations throughout Colorado."). Moreover, Mr. Hildebrand does not assert that Wilmar lists its distributors' stores as its own places of business on its website, that it placed its name on signs associated with the stores, or that it otherwise held itself out as having a physical place of business in Colorado. Put simply, the places of business on which Mr. Hildebrand bases venue are the physical locations of Wilmar's distributors, not those of Wilmar. *See CAO Lighting, Inc. v. Light Efficient Design*, No. 4:16-cv-00483-DCN, 2017 WL 4556717, at *3 (D. Idaho Oct. 11, 2017) (finding that the defendant's distributors' locations in Idaho did not give rise to venue in the District of Idaho, because "these physical locations are the locations of the distributors, not of [the defendant]").

In addition to being at odds with the plain language of §1400(b), Mr. Hildebrand's argument improperly equates venue under § 1400(b) with personal jurisdiction. To establish minimum contacts for personal jurisdiction, a plaintiff must show that a corporation "deliver[ed] its products into the stream of commerce with the expectation that they will be purchased by consumers in the

6

forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98 (1980). Therefore, finding venue proper in every state in which the defendant sells its products through a distributor would render § 1400(b)'s "place of business" requirement substantially similar to the "minimum contacts" requirement underlying personal jurisdiction. The Federal Circuit has specifically warned courts to "be careful not to conflate showings that may be sufficient for other purposes, *e.g.*, personal jurisdiction or the general venue statute, with the necessary showing to establish proper venue in patent cases." *In re Cray, Inc.*, 871 F.3d at 1361.

In sum, I find that Wilmar does not have a regular and established place of business in Colorado. Importantly, the physical locations of Wilmar's distributors do not constitute Wilmar's places of business. I must next consider whether to dismiss this case without prejudice or transfer it to a different district. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *see also Automated Packaging Sys., Inc. v. Free-Flow Packaging Int'l, Inc.*, No. 5:14-cv-2022, 2018 WL 400326, at * 3–10 (N.D. Ohio Jan. 12, 2018) (discussing the appropriate procedure under § 1406(a) after finding that the requirements of §1400(b) were not met).

B. <u>Dismissal Without Prejudice is Appropriate.</u>

In determining whether the interests of justice favor transferring a case, courts consider whether the new action would be time barred, whether the claims are likely to have merit, and whether the original action was filed in good faith rather than after the plaintiff realized venue in the forum was improper. *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006); *Kahn v. Davis*, No. 10-cv-01715-PAB-KMT, 2011 WL 4102328, at *3 (D. Colo. Sept. 14, 2011). When

analyzing the second factor, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000).

In the present case, these factors favor dismissal without prejudice.[2] First, Mr. Hildebrand's claims would not be time barred if he re-files the case in the appropriate district. The statute of limitations for Mr. Hildebrand's patent infringement claim is six years, 35 U.S.C. § 286, and Wilmar allegedly stopped making royalty payments in 2015. Mot. to Dismiss 2, ECF No. 7.

Second, a "peek at the merits" does not convince me that Mr. Hildebrand is likely to prevail. Mr. Hildebrand claims Wilmar violated 35 U.S.C. § 271(a) by failing to pay royalties on sales of allegedly infringing products. Compl. 3, ECF No. 1. However, Mr. Hildebrand does not dispute that his patent has expired, and "a patentee's use of a royalty agreement that projects beyond the expiration date of the patent is unlawful per se." *Brulotte v. Thys Co.*, 379 U.S. 29, 32 (1964); *Kimble v. Marvel Entm't, LLC*, 135 S. Ct. 2401, 2407 (2015) ("[W]hen the patent expires, the patentee's prerogatives expire too, and the right to make or use the article, free from all restriction,

---

[2] Wilmar contends that dismissal with prejudice is the appropriate procedure, "because plaintiff's continued assertion of his patent infringement claim is frivolous." Mot. to Dismiss 3, ECF No. 7. However, Wilmar provides no support for the notion that a court may dismiss a case with prejudice after finding that venue is improper. In fact, the opposite is true. It would be improper for this Court to rule on the merits of Mr. Hildebrand's claims after finding that the District of Colorado is not the correct venue. *See generally In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) ("[T]he issue of infringement is not reached on the merits in considering venue requirements." (quoting *Gunter & Cooke, Inc. v. S. Elec. Serv. Co.*, 256 F. Supp. 639, 648 (M.D.N.C. 1966))); *McGinn v. Colorado*, No. 10-cv-01511-PAB-BNB, 2010 WL 4318564, at *6 (D. Colo. Oct. 25, 2010) (dismissing a case without prejudice after finding that the District of Colorado was not the proper venue). Therefore, I do not analyze Wilmar's arguments for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

passes to the public."). To be sure, an agreement may validly provide future royalties for past sales. *Kimble*, 135 S. Ct. at 2408. However, the parties' settlement agreement does not appear to do this. Indeed, the section of the agreement providing royalties is titled "Terms of Future Sales," and the agreement specifically states that the royalties "will continue until the expiration date of the Hildebrand patent . . . ." Settlement Agreement 2–3, ECF No. 8-1. Therefore, although I do not rule on the merits of Mr. Hildebrand's claims, a brief look at the merits demonstrates that transferring this case is not in the interests of justice.

Regarding the third factor, I do not have any evidence before me indicating Mr. Hildebrand knew that venue was improper in the District of Colorado prior to filing suit. However, in light of the first two factors supporting dismissal, this does not tip the scale in favor of transferring the case.

In sum, I recommend dismissing this case without prejudice due to the District of Colorado being an improper venue for Mr. Hildebrand's patent infringement claim. Additionally, because Mr. Hildebrand's state law claim for an accounting is derivative of his patent infringement cause of action, I find that it would be improper to retain jurisdiction over this claim.

## **CONCLUSION**

I recommend dismissing this case without prejudice. Mr. Hildebrand does not demonstrate that Wilmar has a regular and established place of business in Colorado, and the interests of justice do not favor transferring this case to a different district. Accordingly, I respectfully recommend that Wilmar's Motion to Dismiss and Alternative Motion to Transfer [filed December 21, 2017; ECF No. 7] be **granted**.[3]

---

[3] Be advised that all parties shall have fourteen days after service to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or

Entered and dated at Denver, Colorado, this 29th day of March, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).