IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02821-PAB-MEH

DAVID L. HILDEBRAND,

    Plaintiff,

v.

WILMAR CORPORATION a/k/a Performance Tool,

    Defendant.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 30] filed on March 29, 2018. The magistrate judge recommends that Defendant Wilmar Corporation's Motion to Dismiss and Alternative Motion to Transfer [Docket No. 7] be granted and plaintiff's claims be dismissed without prejudice. Plaintiff filed a timely objection. Docket No. 31. In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

## I. BACKGROUND[1]

Plaintiff David L. Hildebrand is an inventor and owner of U.S. Patent No. 5,737,981 (the "'981 patent"), which issued on April 14, 1998. Docket No. 1 at 4, ¶¶ 5-

---

[1] The following facts are taken from plaintiff's complaint [Docket No. 1] and assumed to be true unless otherwise indicated.

7. In February 2009, plaintiff sued defendant Wilmar Corporation and other defendants in this district for infringement of the '981 patent. *Id*. at 2; *see also Hildebrand v. BJ's Tools*, No. 09-cv-00349-REB-MEH, Docket No. 1 (filed Feb. 19, 2009). As a result of that litigation, plaintiff and defendant entered into a settlement agreement under which defendant would pay plaintiff a lump sum, pay ongoing royalties, and provide certain information to defendant. Docket No. 8-1 at 1-2. Plaintiff claims that defendant has not paid royalties or provided reports as required under the agreement. Docket No. 1 at 3, ¶¶ 1-3.

On November 22, 2017, plaintiff filed his complaint in this case. Docket No. 1. Plaintiff brings two claims for relief: (1) infringement of the '981 patent and (2) an accounting of income defendant realized from its infringement. *Id*. at 4-5. On December 21, 2017, defendant filed its motion to dismiss or transfer. Docket No. 7. Defendant argued that venue was not proper in this district and that plaintiff's claims should be dismissed because the patent has expired, rendering the ongoing royalty and related terms of the settlement agreement unenforceable. *Id*. at 2-5; *see also Kimble v. Marvel Entm't*, LLC, 135 S. Ct. 2401, 2411 (2015) (discussing *Brulotte v. Thys Co.*, 379 U.S. 29 (1964)).

Magistrate Judge Michael E. Hegarty recommends that plaintiff's motion to dismiss or transfer be granted in part because this district is not a proper venue under 28 U.S.C. § 1400(b). Docket No. 30 at 5. The magistrate judge recommends dismissal without prejudice, instead of transfer, because he found that plaintiff was unlikely to prevail in light of the expiration of his patent. *Id*. at 8 (citing *Brulotte*, 379 U.S. at 32).

Regarding plaintiff's accounting claim, the magistrate judge stated that, "because Mr. Hildebrand's state law claim for an accounting is derivative of his patent infringement cause of action, I find that it would be improper to retain jurisdiction over this claim." *Id*. at 9.

## II. STANDARD OF REVIEW

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *See id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

## III. ANALYSIS

Plaintiff states in his objection that he "agrees in part that the Patent Infringing portion of said complaint being dismissed without prejudice would be the appropriate way to proceed on that claim." Docket No. 31 at 6. Plaintiff, however, argues that dismissal in part would be more appropriate because his "remaining claim for violating

3

the settlement agreement would exceed the $75,000 required for jurisdiction under 28 U.S.C. 1332." *Id*. at 2. The Court interprets this statement to mean that plaintiff believes that the Court has diversity jurisdiction over his accounting claim and that it should not be dismissed.

There is no basis in federal or Colorado law for an accounting "claim" for damages of the type contemplated by plaintiff's complaint and objection. *See* Docket No. 1 at 5-6; Docket No. 31 at 3. "The equitable remedy of an accounting [is] not the same as damages." *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 137 S. Ct. 954, 964 (2017). Plaintiff's accounting claim cannot be grounded in federal patent law because "Congress abolished [claims for accounting] in the patent context in 1946." *Id.* (citations omitted). Colorado recognizes accounting claims to resolve disputes in the context of a business partnership. *See, e.g., Tafoya v. Perkins*, 932 P.2d 836, 838 (Colo. App. 1996), *as modified on denial of reh'g* (Aug. 8, 1996). In other contexts, however, Colorado treats accounting as an equitable remedy that is available where a party is otherwise unable to determine the amount of damages under a separate claim for damages. *See Andrikopoulos v. Broadmoor Mgmt. Co.*, 670 P.2d 435, 440 (Colo. App. 1983) (citing *Bradshaw v. Thompson*, 454 F.2d 75, 79 (6th Cir. 1972) ("An accounting is a species of disclosure, predicated upon the legal inability of a plaintiff to determine how much, if any, money is due him from another. It is an extraordinary remedy, and like other equitable remedies, is available only when legal remedies are inadequate.")).[2] Consistent with an accounting being a remedy for a

---

[2] Certain Colorado cases describe accounting as a "claim" even outside the partnership context, but those cases nonetheless treat an accounting as a request for a

4

separate claim for damages, plaintiff's accounting claim seeks a "full accounting" of all "income or other value realized from [defendant's] infringing acts." Docket No. 1 at 6, ¶ 15. Therefore, as the magistrate judge concluded, plaintiff's accounting claim is "derivative" of his claim for patent infringement because it seeks to determine the amount of damages under his patent infringement claim. *See* Docket No. 30 at 9. The Court will overrule plaintiff's objection.

Plaintiff also states that he "will move to amend the pleadings," but he has not done so. *See* Docket No. 31 at 3. "Merely suggesting he should be allowed to amend if the judge concludes his pleadings are deficient 'is insufficient.'" *Requena v. Roberts*, 893 F.3d 1195, 1204 n.3 (10th Cir. 2018) (quoting *Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010). Plaintiff must, instead, "file[] a written motion for leave to amend, giving adequate notice of the basis of the proposed amendment." *Id*. (citing same). This rule applies equally to pro se litigants. *Id*. (citing *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)). Therefore, the Court will not grant leave to amend.

The Court has also reviewed the portions of the Recommendation to which plaintiff does not object to satisfy itself that there is "no clear error on the face of the

---

remedy, rather than a distinct claim for damages. *See, e.g., Virdanco, Inc. v. MTS Int'l*, 791 P.2d 1236, 1237 (Colo. App. 1990) ("Here, plaintiff's complaint might be viewed as asserting only a single claim, but requesting the cumulative remedies of an accounting and damages. Alternatively, it could be construed as asserting two claims for relief, one for an accounting and a second for damages."); *Virdanco, Inc. v. MTS Int'l,* 820 P.2d 352, 354 (Colo. App. 1991) ("An accounting claim, though generally equitable in nature, here was simply a means by which to arrive at an accurate calculation of compensatory damages.").

record."[3]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  The Court finds no clear error with respect to Magistrate Judge Hegarty's recommendations and will adopt them. The Court will therefore grant defendant's motion and dismiss this case without prejudice.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 30] is **ACCEPTED**.  It is further

**ORDERED** that Defendant Wilmar Corporation's Motion to Dismiss and Alternative Motion to Transfer [Docket No. 7] is **GRANTED** in part.  It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 12(b)(3), plaintiff's claims are dismissed without prejudice.  It is further

**ORDERED** that, within 14 days of the entry of judgment, defendant may have its costs by filing a bill of costs with the Clerk of the Court. It is further

**ORDERED** that this case is dismissed in its entirety.

DATED September 13, 2018.

                                BY THE COURT:

                                s/Philip A. Brimmer
                                PHILIP A. BRIMMER
                                United States District Judge

---

[3] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).